IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARIE PATTON,

      Plaintiff,

  v.

FEDERAL COMMUNICATIONS COMMISSION,

      Defendant.
_____/

No.  CIV.S-05-1299 MCE DAD PS

<u>ORDER AND</u>

<u>FINDINGS AND RECOMMENDATIONS</u>

      Plaintiff, proceeding in this action pro se, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302(c)(21), pursuant to 28 U.S.C. § 636(b)(1).

      Plaintiff has submitted an affidavit making the showing required by 28 U.S.C. § 1915(a)(1).  Accordingly, the request to proceed in forma pauperis will be granted.

      The determination that plaintiff may proceed in forma pauperis does not complete the required inquiry.  Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any

1

1  time if it determines the allegation of poverty is untrue, or if the
2  action is frivolous or malicious, fails to state a claim on which
3  relief may be granted, or seeks monetary relief against an immune
4  defendant.  Also, the court has an independent obligation to address
5  sua sponte whether it has subject matter jurisdiction.  <u>Allstate Ins.</u>
6  <u>Co. v. Hughes</u>, 358 F.3d 1089, 1093 (9th Cir. 2004).  "Whenever it
7  appears by suggestion of the parties or otherwise that the court
8  lacks jurisdiction of the subject matter, the court shall dismiss the
9  action."  Fed. R. Civ. P. 12(h)(3).  In the instant case, the
10 undersigned will recommend that this action be dismissed for lack of
11 subject matter jurisdiction.
12         Plaintiff's complaint alleges, in relevant part:
13         [D]ue to the failure of the [Federal
           Communications Commission] to enforce its own
14         regulations, television and radio entities are
           acting outside the confines of the law.  Some are
15         wiretapping phones in private homes ....  [T]hey
           enter private residences and put hidden taping
16         devices in private homes and steal U.S. Postal
           Mail under the guise of doing some type of
17         "prank" or "show" without a contract from the
           person.  The above in total is in violation of
18         the people's 4th Amendment rights.
19 (Compl. at 1.)  The complaint goes on to allege that plaintiff in
20 particular is "currently having large amounts of postal mail stolen,
21 my house broken into, my phone calls intercepted, and my e-mails
22 stolen, and intercepted, by entities that are supposed to be
23 affiliated with radio and television."  (Compl. at 2.)  As to
24 defendant EarthLink, Inc. ("EarthLink"), the only remaining defendant
25 /////
26 /////

2

1  in this action,[1] the complaint alleges that EarthLink has violated
2  plaintiff's Fourth Amendment rights by allowing the theft of
3  plaintiff's e-mail and failing to involve the Federal Bureau of
4  Investigation in the matter as plaintiff has requested.  The
5  complaint prays for $100,000 in damages and that defendants be "fined
6  and evaluated for mental stability."  (Compl. at 3.)

7         The undersigned has liberally construed plaintiff's pro se
8  complaint.  See Bretz v. Kelman, 773 F.2d 1026, 1027 n.1 (9th Cir.
9  1985)(en banc).  However, despite that liberal construction, the
10 undersigned finds that plaintiff's complaint has no arguable basis
11 either in law or in fact, is wholly insubstantial, implausible and
12 therefore subject to dismissal for lack of subject matter
13 jurisdiction.  See Hagans v. Levine, 415 U.S. 528, 543 (1974)
14 (stating that a claim may be dismissed for lack of jurisdiction where
15 it is "so insubstantial, implausible, foreclosed by prior decisions
16 of this Court or otherwise completely devoid of merit as not to
17 involve a federal controversy within the jurisdiction of the District
18 Court"); Bell v. Hood, 327 U.S. 678, 682 (1946) (recognizing that a
19 claim is subject to dismissal for want of jurisdiction where it is
20 "wholly insubstantial and frivolous" and "so patently without
21 merit"); see also Franklin v. Murphy, 745 F.2d 1221, 1227 (9th Cir.
22 1984)("A paid complaint that is 'obviously frivolous' does not confer
23 federal subject matter jurisdiction and may be dismissed sua sponte

---

[1] The two named defendants are EarthLink and the FCC.
Plaintiff and the FCC stipulated to the dismissal of the FCC on
October 14, 2005.

3

before service of process."). Therefore, the undersigned will recommend that this action be dismissed for lack of subject matter jurisdiction.[2]

The undersigned will further recommend that the dismissal be without leave to amend. The nature of the allegations of plaintiff's complaint demonstrate that leave to amend would be futile. Schmier v. United States Court of Appeals for the Ninth Circuit, 279 F.3d 817, 824 (9th Cir. 2002). Further, even if the court were to have subject matter jurisdiction over this matter, it would subject to dismissal for failure to state a claim. Private defendants such as EarthLink are not subject to liability for an alleged violation of the Fourth Amendment. An action may be brought under 42 U.S.C. § 1983 to redress a constitutional violation under color of state law. "Private parties act under color of state law if they willfully participate in joint action with state officials to deprive others of constitutional rights." United Steelworkers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1540 (9th Cir. 1989) (en banc). However, no such willful participation in joint action with state officials is alleged in the complaint.

Accordingly, IT IS HEREBY ORDERED that plaintiff's request to proceed in forma pauperis is granted.

/////

---

[2] Plaintiff's complaint is very similar to an earlier complaint submitted by plaintiff which ultimately was also dismissed for lack of subject matter jurisdiction. See Patton v. Federal Communications Commission, No. CIV.S-03-0812 LKK DAD PS.

4

1    IT IS HEREBY RECOMMENDED that plaintiff's complaint be
2 dismissed with prejudice for lack of subject matter jurisdiction.
3    These findings and recommendations are submitted to the
4 United States District Judge assigned to the case, pursuant to the
5 provisions of 28 U.S.C. § 636(b)(1).  Within twenty (20) days after
6 being served with these findings and recommendations, plaintiff may
7 file written objections with the court.  Such a document should be
8 captioned "Objections to Magistrate Judge's Findings and
9 Recommendations."  Plaintiff is advised that failure to file
10 objections within the specified time may waive the right to appeal
11 the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th
12 Cir. 1991).
13 DATED: November 8, 2005.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:th
DDad1\orders.prose\patton1299.f&r

5